## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH GORBECKI | : | CIVIL ACTION NO. |
| Plaintiff | : | |
| | : | |
| | : | |
| VS. | : | |
| | : | |
| MERCEDES BENZ OF SARASOTA, | : | |
| MERCEDES BENZ FINANCIAL AND | | |
| SRA ASSOCIATES | : | MARCH 14, 2008 |
| | : | |
| Defendants | : | |

### NOTICE OF REMOVAL

Defendant Mercedes Benz of Sarasota, pursuant to 28 U.S.C. §§ 1331, 1332(a), 1441 and

1446, respectfully removes the above-captioned action from the Superior Court of the State of

Connecticut, Judicial District of Danbury, to the United States District Court for the District of

Connecticut.

1.  Plaintiff instituted the above-captioned action in the Superior Court of the State of

Connecticut, District of Danbury, by filing a Complaint on or about February 3, 2008.  A copy of

the Complaint in the State Court Case (the "State Court Pleadings") is attached hereto and

constitutes all process, pleadings and orders that have been served upon Defendant.

2.  The first service upon any defendant was made on Mercedes Benz of Sarasota on

February 14, 2008.

3.  In paragraph 1 of its Complaint, Plaintiff alleges that it is an individual residing in the

State of Connecticut.

4.  Defendant Mercedes Benz of Sarasota is the trade name for AN Luxury Imports of Sarasota, Inc., a Delaware corporation.  Its principal place of business is in Sarasota, Florida.

5.  According to the Complaint, Defendant Mercedes Benz Financial is a corporation with a principal place of business and office at 6716 Grade Lane, Louisville, Kentucky. However, upon information and belief, Mercedes Benz Financial is a trade name of Daimler Chrysler Financial Services Americas, LLC, which is a Michigan limited liability company.

6.  Defendant SRA Associates, Inc. is a New Jersey corporation.  Its principal place of business is 401 Minnetonka Road, Hi-Nella, New Jersey.

7.  The Complaint claims damages for (1) violation of the Motor Vehicle Information and Costs Savings Act, 49 U.S.C. Section 32701 *et seq.* (Count I); (2) violation of the Connecticut Unfair Trade Practices Act, C.G.S. Section 42-110a *et seq.* (Count II); (3) fraud (Count III); (4) breach of contract (Count IV); (5) violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 *et seq.* (Count V); and (6) impairment of credit (Count VI).

8.  By way of letter dated September 26, 2006, plaintiff's counsel claimed that the amount owing under the loan was $118,717.30.

9.  Hence, the matter in controversy is in excess of $75,000.00, exclusive of interest and costs.

10. This Court has original jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1332.  Specifically, this Court has diversity jurisdiction over this civil action because the amount in controversy exceeds the sum of $75,000.00 and the action is between citizens of different states.  The Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 as the First Count of the Complaint is premised on a claim of a violation of Federal law.  The Court has supplemental jurisdiction over the remaining counts pursuant to 28 U.S.C. § 1367.

Consequently, the State Action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

11. Defendant submits this Notice of Removal without waiving any defenses to Plaintiff's claims or conceding that Plaintiff has pled any claims upon which relief may be granted, or that there is personal jurisdiction over Mercedes Benz of Sarasota. Further, by filing this Notice of Removal, Defendant does not waive any defenses with respect to the adequacy or effectiveness of service of process.

12. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is being filed with this Court within thirty (30) days after Defendant's receipt of copies of the Summons and Complaint by service of process or otherwise.

13. There are no related proceedings pending or recently filed in this Court.

14. Contemporaneous with Defendant's filing of this Notice Of Removal with the United States District Court for the District of Connecticut, Defendant is filing a Notice to State Court of Filing of Notice of Removal with the Clerk of the Superior Court of the State of Connecticut, Judicial District of Danbury to effect the removal of this action pursuant to 28 U.S.C. § 1446(d). No proceedings have occurred in the State Action. Defendant appeared in the State Action for the limited purpose of filing the requisite Notice to State Court of Filing of Notice of Removal.

15. Defendant will give written notice to all adverse parties of the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d), pursuant to defendant's Notice to Adverse Party of Removal, a copy of which is attached hereto.

16. The other defendants, SRA Associates, Inc. and Mercedes Benz Financial consent to removal.

**WHEREFORE**, Defendant respectfully requests that the State Action be removed from the Superior Court of the State of Connecticut, Judicial District of Danbury to the United States District Court for the District of Connecticut.

**MERCEDES BENZ OF SARASOTA**

By_____

Monte E. Frank, Esq. ct13666
David B. Zabel, Esq. ct01382
Cohen and Wolf, PC
158 Deer Hill Avenue
Danbury, Connecticut  06810
(203) 792-2771 – Phone
(203) 791-8149 – Fax
mfrank@cohenandwolf.com
dzabel@cohenandwolf.com

## CERTIFICATION OF SERVICE

I hereby certify that on the date hereof, a copy of the foregoing was served by first class

U.S. mail, postage prepaid, upon all counsel and pro se parties of record, as follows:

Gerald Hecht
30 Main Street
Suite 202
Danbury, CT 06810
*Counsel for Plaintiff*

Jonathan Elliot
Zeldes, Needle & Cooper
1000 Lafayette Boulevard
P.O. Box 1740
Bridgeport, CT 06601-1740
*Counsel for SRA Associates*

Mercedes Benz Financial
6716 Grade Lane
Louisville, KY

_____
David B. Zabel

GERALD HECHT AND ASSOCIATES
ATTORNEYS AT LAW
30 MAIN STREET · SUITE 202 · DANBURY, CT 08810-8045
(803) 792-3200 · JURIS NO. 100851

RETURN DATE: MARCH 18, 2008          : SUPERIOR COURT

JOSEPH GORBECKI                      : J. D. OF DANBURY

VS.                                  : AT DANBURY

MERCEDES BENZ OF SARASOTA,
MERCEDES BENZ FINANCIAL and
SRA ASSOCIATES                       : FEBRUARY 3, 2008

## COMPLAINT

## FIRST COUNT (AGAINST DEFENDANTS MERCEDES-BENZ OF SARASOTA and MERCEDES BENZ FINANCIAL ONLY):

1.    Plaintiff, is a natural person with his principal residence located at 60

Stony Hill Road, Brookfield, Connecticut 06804 .

2.    Defendant, MERCEDES BENZ OF SARASOTA (hereinafter "Mercedes-

Benz"), is a domestic corporation with its principal place of business located at 6828 S.

Tamiami Trail, Sarasota, Florida.

3.    Defendant, MERCEDES BENZ FINANCIAL, hereinafter referred to as "MB

Financial", is a corporation with a principal place of business and an office at 6716

Grade Lane, Louisville, Kentucky.

4.    Defendant, SRA ASSOCIATES, INC. is a New Jersey corporation.

5.    On July 20, 2005, plaintiff purchased a motor vehicle from defendant

Mercedes-Benz.

GERALD HECHT AND ASSOCIATES
ATTORNEYS-AT-LAW
30 MAIN STREET  •  SUITE 204  •  DANBURY, CT 06810-8046
(203) 798-3203  •  JURIS NO. 100551

6.    On July 20, 2005, plaintiff entered into a financing agreement with defendant MB Financial to assist him in purchasing the motor vehicle from defendant Mercedes Benz.

7.    Plaintiff authorized defendant MB Financial to remit monies to defendant Mercedes-Benz in exchange for plaintiff's financing agreement with defendant MB Financial.

8.    On or about July 20, 2005, plaintiff took possession of the motor vehicle.

9.    On or about July 20, 2005, plaintiff procured insurance on the motor vehicle.

10.    On or about July 20, 2005, plaintiff was provided with temporary license plates and a temporary registration for the motor vehicle.

11.    Neither defendant Mercedes-Benz nor defendant MB Financial registered the motor vehicle, in spite of their respective duties to do so.

12.    Neither defendant Mercedes-Benz nor defendant MB Financial had the motor vehicle titled, in spite of their respective duties to do so.

13.    Subsequent to July 20, 2005, plaintiff operated the motor vehicle until the temporary license plates and registration expired.

14.    Plaintiff attempted to register the motor vehicle in Connecticut, but could not do so because the motor vehicle was not registered or titled by defendant Mercedes-Benz or defendant MB Financial.

15.    Subsequent to July 20, 2005, plaintiff paid defendant MB Financial pursuant to the financing agreement, the sum of $2,988.31 per month.

16.    Plaintiff has paid defendant MB Financial $39,000 pursuant to the financing agreement.

17.    Once the temporary registration and license plates expired, plaintiff could not legally operate the motor vehicle.

18.    Despite several demands, defendants MB Financial and Mercedes Benz failed and refused to register or title the vehicle, or to assist plaintiff to do so.

19.    As a result of defendants MB Financial and Mercedes Benz' conduct, these defendants have violated the Motor Vehicle Information and Cost Savings Act (MUICSA), 49 U.S.C. Section 32701 eq seq.

20.    As a result of defendants MB Financial and Mercedes Benz conduct, plaintiff is entitled to treble damages and a reasonable attorney's fee, pursuant to 49 U.S.C. Section 32710(a)(b).

## SECOND COUNT (AGAINST DEFENDANTS MERCEDES BENZ OF SARASOTA and MERCEDES BENZ FINANCIAL ONLY):

1.    Plaintiff repeats and realleges Paragraphs One through Eighteen of the First Count as if fully set forth herein.

19.    As a result of the foregoing, these defendants have violated the Connecticut Unfair Trade Practices Act, C.G.S. Section 42-110a et seq, and for which

plaintiff may seek actual damages, punitive damages and reasonable attorney's fees.

## THIRD COUNT (AGAINST DEFENDANTS MERCEDES BENZ OF SARASOTA and MERCEDES BENZ FINANCIAL ONLY):

1.     Plaintiff repeats and realleges Paragraphs One through Eighteen of the First Count as if fully set forth herein.

19.     As a result of the foregoing, these defendants committed fraud, for which plaintiff is entitled to damages.

## FOURTH COUNT (AGAINST DEFENDANTS MERCEDES BENZ OF SARASOTA and MERCEDES BENZ FINANCIAL ONLY):

1.     Plaintiff repeats and realleges Paragraphs One through Eighteen of the First Count as if fully set forth herein.

19.     As a result of the foregoing, these defendants breached their respective contracts with plaintiff, for which plaintiff is entitled to damages.

## FIFTH COUNT (AGAINST ALL DEFENDANTS):

1.     Plaintiff repeats and realleges Paragraphs One through Eighteen of the First Count as if fully set forth herein.

19.     Defendant, SRA Associates, Inc., is a "debt collector" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 , et seq., (FDCPA).

GERALD HECHT AND ASSOCIATES
ATTORNEYS AT LAW
30 MAIN STREET  •  SUITE 202  •  DANBURY, CT 06810-SC/44
(203) 792-3503  •  JURIS NO 100391

GERALD KIGHT AND ASSOCIATES
ATTORNEYS AT LAW
30 MAIN STREET  •  SUITE 202  •  DANBURY, CT 06810-8045
(203) 798-0203  •  JURIS NO. 100881

20.     This defendant was retained by defendant MB Financial to collect money
from plaintiff.

21.     This defendant violated the FDCPA by contacting plaintiff directly, in spite
of plaintiff having retained counsel and notifying all of the defendants of the retention of
counsel.

22.     This defendant violated the FDCPA by attempting to collect a non-existent
debt.

23.     As a result, all of the defendants are liable for statutory damages under
the FDCPA, plus reasonable attorney's fees.


SIXTH COUNT (AGAINST ALL DEFENDANTS):

1.     Plaintiff repeats and realleges Paragraphs One through Eighteen of the
First Count as if fully set forth herein.

19.     As a result of the foregoing, plaintiff's credit has been impaired
unjustifiably, for which plaintiff is entitled to damages.

WHEREFORE, Plaintiff demands:

1.    Monetary damages on Counts One through Six;

2.    Treble damages on Counts One, Two and Five;

3.    Punitive damages on Count Two;

4.    Reasonable attorney's fees on Counts One, Two, Five, Six;

5.    Actual damages on all Counts; and

6.    The costs and expenses of this action.


THE PLAINTIFF

BY: _____

Gerald Hecht
GERALD HECHT & ASSOCIATES
30 Main Street, Suite 202
Danbury, CT  06810
(203)792-3203
Firm Juris No. 100651

Please enter the appearance of
GERALD HECHT & ASSOCIATES for
the Plaintiff in this matter.

**WAGE EXECUTION:**      Notice is hereby given to each Defendant, that the Plaintiff
intends to seek satisfaction of any Judgment rendered in his/her favor in this action
from any debt accruing to each Defendant by reason of his/her personal services.

GERALD HECHT AND ASSOCIATES
ATTORNEYS AT LAW
30 MAIN STREET • SUITE 202 • DANBURY, CT 06810-8049
(203) 792-3203 • JURIS NO. 100651

GERALD HECHT AND ASSOCIATES
ATTORNEYS AT LAW
30 MAIN STREET  •  SUITE 202  •  DANBURY, CT 06810-8048
(203) 792-3203  •  JURIS NO. 100651

**RETURN DATE: MARCH 18, 2008**          **: SUPERIOR COURT**

**JOSEPH GORBECKI**                            **: J. D. OF DANBURY**

**VS.**                                                      **: AT DANBURY**

**MERCEDES BENZ OF SARASOTA,**
**MERCEDES BENZ FINANCIAL, and**
**SRA ASSOCIATES**                           **: FEBRUARY 3, 2008**

### STATEMENT RE DEMAND

The amount, legal interest or property in demand is more than $2,500.00, exclusive of interest and costs.

The amount, legal interest or property in demand is more than $7,500.00, exclusive of interest and costs.

The amount, legal interest or property in demand is more than $15,000.00, exclusive of interest and costs.

THE PLAINTIFF

BY: _____

Gerald Hecht
GERALD HECHT & ASSOCIATES
30 Main Street, Suite 202
Danbury, CT  06810
(203)792-3203
Firm Juris No. 100651