UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-----------------------------------------------------------
JOSEPH GORBECKI,

        Plaintiff,

vs.

MERCEDES BENZ OF SARASOTA,
MERCEDES BENZ FINANCIAL and
SRA ASSOCIATES,

        Defendants.
-----------------------------------------------------------

Case No. 3:08-CV-00397 (PCD)

## ANSWER TO COMPLAINT WITH COUNTERCLAIM

Defendant, DCFS USA LLC, successor to DaimlerChrysler Financial Services Americas LLC, improperly named herein as Defendant, Mercedes Benz Financial (hereinafter referred to as "DCFS"), by and through its attorneys, Deily, Mooney & Glastetter, LLP, hereby responds to Plaintiff's Complaint as follows:

### FIRST COUNT DIRECTED TO DEFENDANTS, MERCEDES BENZ OF SARASOTA AND MERCEDES FINANCIAL ONLY

1. DCFS lacks knowledge or information sufficient to form a belief as to the truth as to the allegations of this paragraph. To the extent a response is required, these allegations are denied.

2. DCFS lacks knowledge or information sufficient to form a belief as to the truth as to the allegations of this paragraph. To the extent a response is required, these allegations are denied.

3. Denied. It is denied that Mercedes Benz Financial is a corporation with its principal place of business at 6716 Grade Lane, Louisville, Kentucky. By way of further response, Mercedes Benz Financial is a trade name.

4. DCFS lacks knowledge or information sufficient to form a belief as to the truth as to the allegations of this paragraph. To the extent a response is required, these allegations are denied.

5. DCFS lacks knowledge or information sufficient to form a belief as to the truth as to the allegations of this paragraph. To the extent a response is required, these allegations are denied.

6. Denied. It is denied that Plaintiff entered into a financing agreement with MB Financial. Rather, the Retail Installment Contract was entered into between Plaintiff and Mercedes Benz of Sarasota. A true and correct copy of the Retail Installment Contract is annexed hereto as Exhibit "A".

7. Denied.

8. DCFS lacks knowledge or information sufficient to form a belief as to the truth as to the allegations of this paragraph. To the extent a response is required, these allegations are denied.

9. DCFS lacks knowledge or information sufficient to form a belief as to the truth as to the allegations of this paragraph. To the extent a response is required, these allegations are denied.

10. DCFS lacks knowledge or information sufficient to form a belief as to the truth as to the allegations of this paragraph. To the extent a response is required, these allegations are denied.

11. Admitted in part; denied in part. It is admitted that DCFS did not register Plaintiff's motor vehicle. It is specifically denied that DCFS had an obligation or duty to register Plaintiff's vehicle.

2

12. Admitted in part; denied in part. It is admitted that DCFS did not title Plaintiff's vehicle. It is specifically denied that DCFS has an obligation or duty to title Plaintiff's vehicle. To the contrary, Plaintiff is responsible for obtaining the title to his vehicle.

13. DCFS lacks knowledge or information sufficient to form a belief as to the truth as to the allegations of this paragraph. To the extent a response is required, these allegations are denied.

14. DCFS lacks knowledge or information sufficient to form a belief as to the truth as to the allegations of this paragraph. To the extent a response is required, these allegations are denied.

15. Denied. It is denied that Plaintiff has paid DCFS $2,988.36 each month under the applicable Retail Installment Contract. To the contrary, Plaintiff has defaulted in payment under the Retail Installment Contract.

16. Denied. It is denied that Plaintiff has paid DCFS the exact amount of $39,000.00 under the Retail Installment Contract.

17. DCFS lacks knowledge or information sufficient to form a belief as to the truth as to the allegations of this paragraph. To the extent a response is required, these allegations are denied.

18. Admitted in part; denied in part. It is admitted that DCFS has not registered or titled Plaintiff's vehicle. By way of further response, it is specifically denied that DCFS has an obligation or duty to register and/or title this vehicle.

19. Denied.

20. Denied.

## SECOND COUNT AGAINST DEFENDANTS, MERCEDES BENZ OF SARASOTA AND MERCEDES BENZ FINANCIAL ONLY

21. (*sic.* 1) DCFS can neither admit nor deny the allegations of this paragraph because these allegations do not contain any factual averments. To the extent a response is deemed required, DCFS incorporates its response to the preceding paragraphs as if set forth herein.

22. (*sic.* 19) Denied.

## THIRD COUNT AGAINST DEFENDANTS, MERCEDES BENZ OF SARASOTA AND MERCEDES BENZ FINANCIAL ONLY

23. (*sic.* 1) DCFS can neither admit nor deny the allegations of this paragraph because these allegations do not contain any factual averments. To the extent a response is deemed required, DCFS incorporates its response to the preceding paragraphs as if set forth herein.

24. (*sic.* 19) Denied.

## FOURTH COUNT AGAINST DEFENDANTS, MERCEDES BENZ OF SARASOTA AND MERCEDES BENZ FINANCIALONLY

25. (*sic.* 1) DCFS can neither admit nor deny the allegations of this paragraph because these allegations do not contain any factual averments. To the extent a response is deemed required, DCFS incorporates its response to the preceding paragraphs as if set forth herein.

26. (*sic.* 19) Denied.

## FIFTH COUNT AGAINST ALL DEFENDANTS

27. (*sic.* 1) DCFS can neither admit nor deny the allegations of this paragraph because these allegations do not contain any factual averments. To the extent a response is deemed required, DCFS incorporates its response to the preceding paragraphs as if set forth herein.

28. (*sic.* 19) DCFS lacks knowledge or information sufficient to form a belief as to the truth as to the allegations of this paragraph. To the extent a response is required, these allegations are denied.

29. (*sic.* 20) Denied.

30. (*sic.* 21) Denied.

31. (*sic.* 22) Denied.

32. (*sic.* 23) Denied.

### SIXTH COUNT AGAINST ALL DEFENDANTS

33. (*sic.* 1) DCFS can neither admit nor deny the allegations of this paragraph because these allegations do not contain any factual averments. To the extent a response is deemed required, DCFS incorporates its response to the preceding paragraphs as if set forth herein.

34. (*sic.* 19) Denied.

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff has failed to sue the proper party.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff has failed to set forth a cause of action under the Motor Vehicle Information and Cost Savings Act.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff has failed to set forth a cause of action under 49 U.S.C. § 32701 *et seq.*

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff has failed to set forth a cause of action against DCFS under the Connecticut Unfair Trade Practices Act as none of the conduct complained of took place within the State of Connecticut.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff has failed to set forth a cause of action for common law fraud.

### SIXTH AFFIRMATIVE DEFENSE

6.  Plaintiff has failed to set forth a cause of action for breach of contract.

### SEVENTH AFFIRMATIVE DEFENSE

7.  Plaintiff has failed to set forth a cause of action against DCFS under the Fair Debt Collection Practices Act.

### EIGHTH AFFIRMATIVE DEFENSE

8.  Plaintiff has failed to set forth a cause of action that DCFS has unjustifiably damaged Plaintiff's credit rating as alleged in Sixth Count.

### NINTH AFFIRMATIVE DEFENSE

9.  Plaintiff's claims are barred by his failure to comply to the terms of the Retail Installment Contract. See, Exhibit "A".

### TENTH AFFIRMATIVE DEFENSE

10. DCFS affirmatively pleads and relies upon the doctrine of unclean hands as a complete bar to any recovery by Plaintiff on the causes of action set forth in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

11. DCFS affirmatively pleads and relies upon the doctrine of estoppel as a complete bar to any recovery by Plaintiff on the causes of action set forth in the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

12. DCFS affirmatively pleads and relies upon the doctrine of privilege as a complete bar to any recovery by Plaintiff on the causes of action set forth in the Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff's claims to injury to his credit record are preempted by the Fair Credit Reporting Act.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff has failed to obtain jurisdiction over DCFS due to failure to effect service of process.

## COUNTERCLAIM

15. DCFS incorporates by reference the allegations contained in the aforesaid paragraphs as if set forth herein at length

16. Plaintiff and Defendant, Mercedes Benz of Sarasota entered into a Retail Installment Contract on July 20, 2005. See Exhibit "A" hereto.

17. Pursuant to the terms of the Retail Installment Contract, Plaintiff agreed to make monthly payments to Mercedes Benz of Sarasota in the amount of $2,988.31, in sixty (60) installments until the final installment has been paid.

18. Pursuant to the terms and conditions of the Retail Installment Contract, Mercedes Benz of Sarasota was granted its security interest in the vehicle.

19. The Retail Installment Contract, pursuant to its terms was duly assigned by Mercedes Benz of Sarasota to DCFS's predecessor for good and valuable consideration.

20. Plaintiff failed and/or refused to make his payments to DCFS as required under the Retail Installment Contract.

21. DCFS repossessed Plaintiff's vehicle and sold same at auction in a commercially reasonable manner.

22. Plaintiff owes DCFS a deficiency balance under the Retail Installment Contract in the amount of $45,810.20.

23. DCFS is entitled to a judgment against Plaintiff for $45,810.20, plus interest, costs and attorneys' fees.

7

WHEREFORE, Defendant, DCFS USA, LLC, improperly named as Mercedes Benz Financial, hereby demands judgment as follows:

a) Plaintiff's Complaint be dismissed in its entirety, and that Plaintiff recover nothing thereby;

b) DCFS USA, LLC recover judgment on its counterclaim against Plaintiff in the sum of $45,810.20, plus pre-judgment interest, attorneys' fees, costs and expenses; and

c) That the Court enter such other further relief as it deems just and proper.

Dated: *April 15th*, 2008

*Jonathan D. Deily*
Jonathan D. Deily, Esq., CT Id. No. 17947
Mark D. Glastetter, Esq., CT Id. No. 17953
Deily, Mooney & Glastetter, LLP
Attorneys for Defendant, DCFS USA, LLC
8 Thurlow Terrace
Albany, NY 12203
Ph.  518-436-0344
Fax 518-436-8273
e-mail: jdeily@deilylawfirm.com
        mglastetter@deilylawfirm.com