UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH GORBECKI,<br>    Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 3:08-CV-397 (PCD) |
| | : | |
| MERCEDES BENZ OF SARASOTA,<br>MERCEDES BENZ FINANCIAL and<br>SRA ASSOCIATES,<br>    Defendants. | : | |

## RULING ON DEFENDANT MERCEDES BENZ OF SARASOTA'S MOTION TO DISMISS

Defendant Mercedes Benz of Sarasota moves pursuant to Federal Rule of Civil Procedure 12(b)(2) to dismiss for lack of personal jurisdiction the claims asserted against it by Plaintiff Joseph Gorbecki in the Complaint dated February 3, 2008. Defendants Mercedes Benz Financial and SRA Associates have not moved to dismiss Plaintiff's claims against them. Defendant Mercedes Benz of Sarasota asserts that "Connecticut's long arm statute concerning foreign corporations, Conn. Gen. Stat. § 33-929, does not allow the plaintiff...to bring his claims against Mercedes Benz of Sarasota in Connecticut. Moreover, Mercedes Benz of Sarasota has no contacts with Connecticut, never mind minimum contacts, so that the Constitution's due process requirements cannot be met." [Doc. No. 15-2 at 1.] For the reasons that follow, Defendant Mercedes Benz of Sarasota's Motion to Dismiss [Doc. No. 15] is **granted.**

**I.    Background**

On February 3, 2008, Plaintiff filed a Complaint against Defendants in the Superior Court of the State of Connecticut, Judicial District of Danbury. The Complaint asserts the following claims against Defendant Mercedes Benz of Sarasota: (1) violation of the Motor Vehicle Information and Costs Savings Act, 49 U.S.C. Section 32701 *et seq.* (Count 1); (2) violation of

the Connecticut Unfair Trade Practices Act ("CUTPA"), C.G.S. Section 42-110a *et seq*. (Count II); (3) fraud (Count III); (4) breach of contract (Count IV); (5) violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 *et seq*. (Count V); and (6) impairment of credit (Count VI).

Taking the allegations in the Complaint as true for purposes of the Motion to Dismiss, the facts are as follows. On July 20, 2005, Plaintiff purchased a motor vehicle from Defendant Mercedes Benz of Sarasota, for which he entered into a financing agreement with Defendant Mercedes Benz Financial. On July 20, 2005, Plaintiff obtained insurance for the vehicle, was provided with temporary license plates and temporary registration, and took possession of the vehicle, after which he operated it until the temporary license plates and registration expired. When Plaintiff attempted to register the vehicle in Connecticut, he was unable to do so because the vehicle had not been registered or titled by Defendants Mercedes Benz of Sarasota and Mercedes Benz Financial, notwithstanding their respective duties to do so, thus preventing Plaintiff from legally operating the motor vehicle. Subsequent to July 20, 2005, Plaintiff has paid to Defendant Mercedes Benz Financial $2,988.31 per month, for a total of $39,000 paid pursuant to the financing agreement.

The Complaint states that Plaintiff is a resident of Brookfield, Connecticut. The Complaint asserts that Defendant Mercedes Benz of Sarasota "is a domestic corporation with its principal place of business located at 6828 S. Tamiami Trail, Sarasota, Florida." (Compl. ¶ 2.)[1] In its Motion to Dismiss, Mercedes Benz of Sarasota concurs that its principal place of business

---

[1] With respect to the other two Defendants, the Complaint states that Defendant Mercedes Benz Financial is "a corporation with a principal place of business and an office" in Louisville, Kentucky, and that Defendant SRA Associates, Inc., "is a New Jersey corporation." (Compl. ¶¶ 3-4.)

is in Florida, but avers that Plaintiff is incorrect in stating that Mercedes Benz of Sarasota is a domestic corporation of Connecticut. According to the affidavit of Hugh Peeples, the general manager of Mercedes Benz of Sarasota, Mercedes Benz of Sarasota is the trade name for AN Luxury Imports of Sarasota, Inc., a Delaware corporation which is registered to do business in Florida as a foreign corporation. [Doc. 15-2 at 2, and Doc. 15-3 at ¶¶ 5-9.] In addition to the affidavit, Defendant has provided print-outs from the websites of the Department of State, Division of Corporations of the states of Delaware and Florida which appear to confirm those claims regarding Defendant's being incorporated in Delaware and registered as a foreign corporation in Florida. [Doc. No. 15-3, Ex. A-C.]

Defendant Mercedes Benz of Sarasota, through the affidavit of Mr. Peeples, further states that it is not registered to do business as a foreign corporation in Connecticut, that it did not transact business with Plaintiff in Connecticut, that it does not conduct business, solicit business, or advertise in Connecticut, that it does not have employees, agents, an office, phone number, or an address in Connecticut, and that it does not maintain bank accounts or have an interest in real property in Connecticut. [Doc. 15-2 at 2, and Doc. 15-3 at ¶¶ 18-21.] Plaintiff's Complaint does not contain any contentions to the contrary, as Plaintiff's sole assertion in support of this Court's jurisdiction over Defendant is the contested claim that Defendant Mercedes Benz of Sarasota is a domestic corporation of Connecticut.

On March 14, 2008, Defendant Mercedes Benz of Sarasota, with the consent of the other Defendants, removed the case to this Court on the basis of both diversity jurisdiction pursuant to U.S.C. § 1332 and federal question jurisdiction pursuant to 28 U.S.C. § 1331. Defendant Mercedes Benz of Sarasota filed the instant Motion to Dismiss on March 26, 2008.

Notwithstanding the passage of nearly two months, Plaintiff has not filed any response or objection to the Motion to Dismiss, nor sought an extension of time in which to do so.

**II.     Standard of Review**

Whether a defendant is subject to personal jurisdiction in this court is determined by the law of the state in which the district court sits--in this case, Connecticut.  Fed. R. Civ. P. 4(k)(1)(A); see also Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 305 F.3d 120, 124 (2d Cir. 2002). The personal jurisdiction determination involves a two-part analysis. Bank Brussels Lambert, 305 F.3d at 124. First, the Court must determine whether Connecticut's long-arm statute reaches this particular defendant. Second, if it is found that the long-arm statute applies, the Court must determine whether the exercise of jurisdiction over this defendant violates constitutional due process principles. Id.; accord Milne v. Catuogno Court Reporting Servs., Inc., 239 F. Supp. 2d 195, 197 (D. Conn. 2002).  The relevant portion of Connecticut's long arm statute, Conn. Gen. Stat. § 33-929(f), provides as follows:

> Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state; (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state; (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; or (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance.

When a defendant challenges personal jurisdiction in a motion to dismiss, the plaintiff

bears the burden of proving that the court has jurisdiction over the defendant. See <u>Amerbelle Corp. v. Hommel</u>, 272 F. Supp. 2d 189, 192 (D. Conn. 2003); <u>Metro. Life Ins. Co. v. Robertson-Ceco Corp.</u>, 84 F.3d 560, 566-67 (2d Cir. 1996); <u>Ensign-Bickford Co. v. ICI Explosives USA, Inc.</u>, 817 F. Supp. 1018, 1026 (D. Conn. 1993). A plaintiff can make this showing through his "own affidavits and supporting materials" <u>Marine Midland Bank, N.A. v. Miller</u>, 664 F.2d 899, 904 (2d Cir. 1981), containing "an averment of facts that, if credited . . . would suffice to establish jurisdiction over the defendant." <u>Metro. Life Ins.</u>, 84 F.3d at 567. All pleadings, affidavits, and allegations are construed "in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor." <u>Whitaker v. American Telecasting, Inc.</u>, 261 F.3d 196, 208 (2d Cir. 2001). When a motion to dismiss is based on pleadings and affidavits, dismissal is appropriate only if the submissions, when viewed in the light most favorable to the plaintiff, fail to make a prima facie showing of personal jurisdiction over the defendants. See <u>Distefano v. Carozzi N. Am., Inc.</u>, 286 F.3d 81, 84 (2d Cir.2001). The Court "construes jurisdictional allegations liberally and takes as true uncontroverted factual allegations." <u>Robinson v. Overseas Military Sales Corp.</u>, 21 F.3d 502, 507 (2d Cir. 1994) (internal citations omitted). In Connecticut, "when a motion to dismiss for lack of personal jurisdiction raises a factual issue which is not determinable from the face of the record, the burden of proof is on the plaintiff to present evidence which will establish jurisdiction." <u>Standard Tallow Corporation v. Jowdy</u>, 190 Conn. 48, 53, 459 A.2d 503 (1983).

**III.     Discussion**

While the Court in the first instance must accept as true the facts set forth in the Complaint by Plaintiff, when Defendant raises, through a motion to dismiss pursuant to 12(b)(2),

a challenge to the accuracy of a basic jurisdictional fact set forth in that Complaint, it is then Plaintiff who bears the burden of establishing the Court's jurisdiction over the Defendant by providing affidavits or other evidence to make a prima facie showing of jurisdiction. Plaintiff, as the party opposing the Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, bears the burden of establishing that the court has jurisdiction over Defendant. DiStefano, 286 F.3d at 84. Plaintiff has failed to meet that burden because he has failed to file any response whatsoever to the motion to dismiss,[2] and has made no offer of proof with regard to the personal jurisdiction issue, nor filed any affidavits, which are required to assert facts not apparent on the record. Practice Book § 10-31(a). Therefore, Plaintiff has not provided the Court with any counter to the evidence provided by Defendant Mercedes Benz of Sarasota that it is not a domestic corporation of Connecticut, as Plaintiff claims in his Complaint, but is instead incorporated in Delaware.

The apparently false claim that Mercedes Benz of Sarasota is a domestic corporation of Connecticut is the sole basis upon which the Plaintiff's complaint seeks to establish the Court's personal jurisdiction over Mercedes Benz of Sarasota. Plaintiff's complaint does not additionally plead or allege other facts with respect to this Defendant that might give rise to personal jurisdiction pursuant to Connecticut's long arm statute. It does not state that the contract was made or to be performed in Connecticut, that Defendant solicited business in Connecticut, that Defendant produced, manufactured or distributed goods with the reasonable expectation that

---

[2] Plaintiff's failure to respond or object to the motion to dismiss also gives rise to a second basis for granting the dismissal, pursuant to D. Conn. L. Civ. R. 7, which provides that, "Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion." See Kaplan v. Lehrer, 173 Fed. Appx. 934, 935 (2d Cir. 2006) (affirming dismissal of case for failure to respond to motion to dismiss).

such goods would be used or consumed in Connecticut, or that Defendant engaged in tortious conduct in Connecticut. Even if the Complaint could reasonably be construed as making such allegations, Defendant has appropriately contested them, through affidavits and otherwise, and Plaintiff has not responded. Specifically, Defendant has submitted the affidavit of Hugh Peeples, the general manager of Defendant Mercedes Benz of Sarasota, asserting Defendant's lack of contacts with Connecticut, as detailed above. Defendant has also submitted an "Affidavit for Partial Exemption of Motor Vehicle Sold for Licensing in Another State," sworn by Plaintiff on July 29, 2005, which states that, as of that date, Plaintiff was a resident of New York, and that the vehicle was to be licensed in New York, not Connecticut. (Def.'s Ex. E.) [Doc. No. 15-3.]

Given the state of the record in light of Plaintiff's failure to respond to the motion to dismiss, Plaintiff has failed to meet his minimal burden to establish personal jurisdiction over Defendant Mercedes Benz of Sarasota, and all claims against that Defendant are therefore dismissed. Jurisdiction over the other two Defendants was not challenged, and as such, the claims against them remain extant.

## IV. Conclusion

For the reasons stated above, Defendant Mercedes Benz of Sarasota's Motion to Dismiss [Doc. No. 15] is **granted.**

SO ORDERED.

Dated at New Haven, Connecticut, this 22nd day of May, 2008.

/S/
Peter C. Dorsey, U.S. District Judge
United States District Court